Bach v. Goodrich.

---

### JOHN M. BACH *v.* WILLIAM C. GOODRICH.

A debtor whose property is attached cannot divest himself of it, so as to defeat the rights of the attaching creditor.

The obligation of a vendor, under his warranty, to defend the title of his vendee, constitutes a sufficient interest to enable him to enjoin a sale of the property, attempted by a third person

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J. The petitioner prayed for and obtained an injunction from the Parish Court of the parish of Jefferson, to prevent the sale of six lots of ground in the suburb Bouligny, in said parish, in square No. 4, and numbered from two to to seven, on a plan drawn up by Charles F. Zimpel, and deposited in the office of Louis T. Caire, notary public. These lots had been levied upon to satisfy a judgment, rendered by that court in a suit brought by attachment against one Asa Pattengill, by the defendant, W. C. Goodrich, in 1836. The grounds alleged are, in substance, that these lots are not the property

of the said Asa Pattengill, by whom they had been sold, on the 17th January, 1837, to one Duncan McMillen, who conveyed them to the petitioner on the 3d of June following; and that the lots now belong to William Hanneman, who purchased them from the petitioner, and whose title to them the petitioner is bound to warrant and defend; and moreover, that all the proceedings had in the said suit are null and void, because no citation was ever served therein in the manner prescribed by law. The defendant denied that John M. Bach had any interest whatever in the property attached, as he alleges it to be vested in William Hanneman, and does not show himself to be the lawful agent of the latter; he averred that the proceedings in his suit against Pattengill were regular and legal, and that Bach was without any right to institute an action to annul them, as he was not a party to the suit. He further averred that the sale by Asa Pattengill, an absconding debtor, to McMillen, was fradulent, collusive, and made with a view to injure his creditors, and that John M. Bach knew that the property was attached when he purchased the same of McMillen, and knew also of the fraudulent conduct of the said McMillen and Pattengill.

The injunction having been dissolved, with damages, the petitioner appealed to the District Court, which reversed the judgment of the Parish Court of Jefferson, and made the injunction perpetual. From this last judgment, the defendant prosecutes the present appeal.

The record does not show the precise date of the execution enjoined, but it must have been subsequent to the 11th of March, 1842, when the judgment was rendered against Pattengill, in the Parish Court of Jefferson. Long before this time, to-wit, on the 17th of January, 1937, Pattengill is shown to have parted with his interest in these lots, by selling them to McMillen, the plaintiff's vendor, and no evidence whatever has been offered to show fraud or simulation in this sale; but it is urged that the lots in question, having been attached by the defendant on the 6th of December, 1836, in the suit he brought against Pattengill, they could not be sold to his prejudice. If this were clearly made to appear, the validity of the

subsequent sale might well be questioned, as a debtor whose property is attached cannot divest himself of it, so as to defeat the rights of the attaching creditor. 8 Mart. p. 395. But upon examination of the record we think, with the District Judge, that the defendant has failed conclusively to show that the property claimed by the plaintiff, and levied upon by the present sheriff of Jefferson in the suit of *Goodrich* v. *Pattengill*, is the same which was attached by his predecessor at the inception thereof. The return of the sheriff bearing date the 6th of December, 1836, contains no description of the lots attached; it only describes them as being those previously seized under a writ of seizure and sale issued from the First Judicial District Court, at the suit of *Joachim Kohn, Syndic of the creditors of Ls. Boulligny* v. *Asa Pattengill*, and which were to be sold on that day. To show the identity of the lots attached with those now seized and claimed in this suit, the record should have contained the seizure made at the suit of *J. Kohn, Syndic*, referred to in the sheriff's return of the writ of attachment. The obligation of the plaintiff to defend the title derived from him by the present owner of the property, constituted, we think, a sufficient interest to enjoin the sale. Having shown title in his assignees, it was incumbent upon the defendant to show clearly that the conveyance to McMillen was made in fraud of his vested rights under his attachment, and was consequently null as to him.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs; reserving however, to the defendant the right of prosecuting the sale of the lots in question, by means of an *alias* writ, on his proving their identity with those attached in his suit against Asa Pattengill.

*Durant*, for the plaintiff.

*Jourdain*, for the appellant.